UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER CLAY SWAIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Civil No.  05-CV-10062
Criminal No.  03-CR-20031

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

I.    RECOMMENDATION

**IT IS RECOMMENDED** that the motion be *sua sponte* **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

II.    REPORT

    A.    Introduction

Petitioner is a prisoner currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee.  Presently before the Court, pursuant to an Order of Reference from United States District Judge David Lawson under 28 U.S.C. § 636(b)(1), is Petitioner's "motion for

extraordinary relief," which was docketed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.[1]

### B.	Background

In June 2003, the Grand Jury returned a two-count indictment charging Petitioner in Count 1 with possession with the intent to distribute 50 grams or more of "crack" cocaine on or about March 24, 2003, and in Count 2 with possession with the intent to distribute "crack" cocaine on or about June 5, 2003, both in violation of 21 U.S.C. § 841(a)(1). (Dkt. 3.) A Rule 11 Plea Agreement was filed on November 5, 2003. (Dkt. 12.) In that agreement, Petitioner stated his willingness to plead guilty to the charges brought in Count 1 in return for the dismissal of Count 2. (Dkt. 36 at 1.) Petitioner also waived his right to file a direct appeal from the conviction or sentence. Petitioner entered a plea of guilty and was sentenced by United States District Judge David Lawson on February 24, 2004, to 262 months of imprisonment to be followed by 10 years of supervised release. The judgment entered by Judge Lawson specifically states that the "sentence is imposed pursuant to the Sentencing Reform Act of 1984." (Dkt. 15.)

### C.	Governing Rules & Law

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must

---

[1] Petitioner actually titled his motion: "Petition for Extraordinary Relief to Include, but not Limited Thereto: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita Querela; or Issuance of a Writ of Error Coram Nobis; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for an Order to Vacate, Set Aside, or Correct Judgment; or for Order Enjoining Further Execution of a Judgment that, as a Matter of Law, has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief as the Court Deems Just and Proper."

> order the United States attorney to file an answer, motion or other response within a fixed time, or to take other actions the judge may order.

Rules Gov. § 2255 Proc., Rule 4(b) (eff. Dec. 1, 2004).  Rule 5(a) clarifies that the "respondent is not required to answer the motion unless a judge so orders."  Rules Gov. § 2255 Proc., Rule 5(a) (eff. Dec. 1, 2004).  The rules also provide that "[a] magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."  Rules Gov. § 2255 Proc., Rule 10 (eff. Dec. 1, 2004).

To be entitled to collateral post-conviction relief under 28 U.S.C. § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).  "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

**D.  Discussion**

In his motion, Petitioner clearly states that he

> does not seek to correct Petitioner's sentence.  Indeed, Petitioner seeks only relief from the execution of the judgment because the judgment was rendered under authority assumed by the Court pursuant to an unconstitutional Congressional enactment.  That enactment (§3553(b)(1)) was declared unconstitutional on January 12, 2005, by the Supreme Court in *United States v. Booker & FanFan*.  Prior to that date, while unconstitutional, Petitioner had no foundation for seeking relief from the assumption of authority derived from the enactment which stands as cause for the deprivation of his liberty and his confinement.

(Mot. at 25.)  Thus, Petitioner's sole claim for collateral post-conviction relief is that the Supreme Court's decision in *United States v. Booker*, ___U.S.___, 125 S. Ct. 738 (2005), rendered his conviction void.  He therefore seeks as relief an injunction or writ prohibiting the enforcement of the "void" judgment.

3

In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756.  In this case, even assuming that the holding of *Booker* applies under the facts of Petitioner's guilty plea and sentence, Petitioner nevertheless is clearly not entitled to relief because the Sixth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *Humphress v. U.S.*, ___F.3d___, 2005 WL 433191 (6th Cir. 2005).  *Accord Varela v. U.S.*, ___F.3d___, 2005 WL 367095 (11th Cir. 2005); *McReynolds v. U.S.*, ___F.3d___, 2005 WL 237642 (7th Cir. 2005).  Accordingly, because it plainly appears from the motion that Petitioner's sole ground for relief is meritless, I suggest that the motion be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings and that, in the interests of conserving scarce governmental resources, the United States attorney not be required to file an answer.

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                                            s/ *Charles E. Binder*
                                                        CHARLES E. BINDER
Dated: March 2, 2005                             United States Magistrate Judge


## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James C. Mitchell, and served in the traditional manner on Roger Swain and Honorable David M. Lawson.


Dated: March 2, 2005                                         By     s/Jean L. Broucek
                                                                             Case Manager to Magistrate Judge Binder