UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER CLAY SWAIN,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

Criminal Case Number 03-20031
Civil Case Number 05-10062
Honorable David M. Lawson

_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING
RECOMMENDATION, AND DENYING PETITION TO VACATE SENTENCE**

The petitioner, Roger Clay Swain, was convicted of violating the Controlled Substances Act and sentenced to 262 months in prison. He filed a petition under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the petition be denied, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter and concludes that the petitioner's objections lack merit, the magistrate judge correctly decided the issues, and the petition should be denied for the reasons set forth in the report.

I.

On June 30, 2003, the petitioner was indicted on one count of violating 21 U.S.C. §841(b)(1)(A), possession with intent to distribute 50 grams or more of crack cocaine (count one); and one count of violating 21 U.S.C. §841(b)(1)(C), possession with intent to distribute a substance containing crack cocaine (count two). On November 5, 2003, the petitioner signed a Rule 11 plea agreement in which he agreed to plead guilty to count one in exchange for the dismissal of count

two. On February 24, 2004, the petitioner was sentenced to 262 months imprisonment to be followed by ten years of supervised release. The petitioner did not appeal, presumably because he waived his appeal rights with respect to challenging his conviction in the plea agreement.

On February 22, 2005, the petitioner filed his motion to vacate his sentence. The motion is actually labeled as a "Petition for Extraordinary Relief," but it seeks, among other things, an "Order to Vacate, Set Aside, or Correct Judgment." The caption of the motion lists the U.S. District Court and the Marshal as respondents rather than the United States, but it was docketed as a section 2255 motion. In the petition, Swain argues that *United States v. Booker*, 543 U.S. 220 (2005), held that 18 U.S.C. § 3553(b)(1) is unconstitutional, and since the petitioner was sentenced under that statute, the judgment against him is void. On February 25, 2005, the Court referred the motion to Magistrate Judge Charles E. Binder for report and recommendation.

On March 2, 2005, the magistrate judge issued his report without ordering a response from the government. The magistrate judge concluded that the motion should be denied under Rule 4(b) of the Rules Governing Section 2255 Proceedings because it plainly appears from the motion that the petitioner is not entitled to relief. He reasoned that although the petitioner did not seek to correct or change his sentence, his sole claim is that *Booker* declared a part of the general sentencing statute unconstitutional (specifically 18 U.S.C. § 3553(b), which mandates the use of the Sentencing Guidelines), and therefore his sentence is void. However, because *Booker* is not retroactive according to *Humphress v. United States*, 398 F.3d 855, 860-63 (2005), the petitioner is not entitled to relief.

II.

The petitioner filed objections on March 8, 2005, March 15, 2005, and May 2, 2005. He first objects to the characterization of his petition as a motion under section 2255. He says that "[t]he motion is filed under various remedial forms and is designed, not to correct sentence or vacate the conviction, but to enjoin enforcement of the void judgment." Obj. at 1 (Mar. 8, 2005). As a related matter, he also objects to the Court's re-fashioning of the caption. As noted above, the petitioner lists as respondents the U.S. District Court and the U.S. Marshal, not the United States. He believes the Court's alteration of the caption is improper.

These objections are without merit. As the magistrate judge observed, the actual title of the petitioner's paper is:

> PETITION FOR EXTRAORDINARY RELIEF TO INCLUDE, BUT NOT LIMITED THERETO: ISSUANCE OF A WRIT OF HABEAS CORPUS; OR ISSUANCE OF A WRIT AUDITA QUERELA; OR ISSUANCE OF A WRIT OF ERROR CORAM NOBIS; OR ISSUANCE OF A WRIT OF PROHIBITION; OR ISSUANCE OF A WRIT OF MANDAMUS; OR FOR AN ORDER TO VACATE, SET ASIDE, OR CORRECT JUDGMENT; OR FOR ORDER ENJOINING FURTHER EXECUTION OF A JUDGMENT THAT, AS A MATTER OF LAW, HAS BECOME VOID AND HAS NO FURTHER FORCE OR EFFECT WHATSOEVER; OR FOR ISSUANCE OF SUCH WRIT, WRITS, ORDERS OR DECREES, WITHIN THE JURISDICTION OF THE COURT TO ISSUE, TO GRANT SUCH FURTHER, OR ANCILLARY RELIEF AS THE COURT DEEMS JUST AND PROPER

Mot. for Extraordinary Relief at 1. This motion plainly constitutes a challenge to the petitioner's present federal conviction and is encompassed within the scope of 28 U.S.C. § 2255. That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

18 U.S.C. § 2255. Void judgments are "otherwise subject to collateral attack. *See* Fed. R. Civ. P. 60(b)(4) (stating that a Rule 60(b) motion may be granted on the ground that "the judgment is void"). Moreover, the petitioner specifically requested that the Court "vacate, set aside or correct [his] sentence." However, "[t]o prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citation omitted). The petitioner has not made such a showing here.

The petitioner next objects that the magistrate judge recharacterized his petition to avoid addressing his claim, which is that the Court's judgment is void because it was based on an unconstitutional statute, 18 U.S.C. § 3553(b)(1). The petitioner states the magistrate judge treated his argument as one challenging his sentence on Sixth Amendment grounds. The petitioner denies that this is his claim. He contends that the magistrate judge ignored the language in *Booker* finding the sentencing statute unconstitutional.

The petitioner's fourth objection is that it would be a miscarriage of justice to deny him relief even if the Court agrees with the magistrate judge's re-characterization of his claim. Because the petitioner "received a sentence greater than the otherwise authorized sentence, [he] is actually innocent of the sentence he received." Obj. at 8 (Mar. 15, 2005). The petitioner cites *Dretke v. Haley*, 541 U.S. 386 (2004), in which the Court held that when a habeas petitioner advancing procedurally defaulted claims asserts actual innocence to excuse the default, the court must first consider alternative grounds for relief before addressing the actual innocence question. The

petitioner states his sentence is illegal because the sentencing statute is unconstitutional, and an illegal sentence undoubtedly results in a miscarriage of justice.

This objection lacks merit as well. The crux of the petitioner's argument is that he is entitled to the effect of the *Booker* decision. However, as the magistrate judge briefly explained, *Booker* in not retroactive to convictions that were final when *Booker* was decided. The Sixth Circuit specifically held that *Booker* does not "apply retroactively to cases already final on direct review." *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). The court recently reaffirmed the holding of *Humphress* in *Lang v. United States*, 474 F.3d 348, 353-57 (6th Cir. 2007). In *Humphress*, the court explained the law as follows:

> Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal. *Schriro v. Summerlin*, 542 U.S. 348 (2004). In *Teague v. Lane*, 489 U.S. 288 (1989), however, the Supreme Court announced a three-step analysis to determine whether a new rule of criminal procedure applies to a case on collateral review. The reviewing court must first determine when the defendant's conviction became final. *Beard v. Banks*, 542 U.S. 406 (2004). Next, the court must decide whether the rule in question is actually "new." *Id.* If it is, the court must determine whether the new rule falls into either of two exceptions to nonretroactivity. *Id.*

*Humphress*, 398 F.3d at 860 (footnote omitted). The court then determined that *Booker* is a new rule, but that it does not fall within either exception to non-retroactivity.

The petitioner contends that his conviction did not become final until one year after it was imposed; his conviction therefore was not final when *Booker* came out; and there is no retroactivity problem. That argument also is incorrect. A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered, that is, when the time for filing a direct appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004). The petitioner was sentenced on February 24, 2004. He did not appeal the entry of this judgment.

His conviction became final on March 8, 2004, since the tenth day fell on a weekend. *See Sanchez-Castellano*, 358 F.3d at 425 n.2. *Booker* was not decided until January 12, 2005, nearly eleven months after the petitioner's conviction had become final.

Finally, the petitioner filed supplemental objections to notify the Court of *Johnson v. United States*, 544 U.S. 295 (2005). *Johnson* involved a petitioner who filed a section 2255 motion after a state conviction that was used to enhance his federal sentence had been vacated. The Court held that the one year statute of limitations for section 2255 cases "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." *Id*. at 298. The petitioner contends that this case applies because this Court imposed a sentence based on an unconstitutional statute. The petitioner repeats his claims that the judgment against him is void based on *Booker*. This case provides no help to the petitioner, however, because it construes the one-year limitation period contained in section 2255. It has no bearing as to when the conviction becomes final, which is but one trigger that starts the one-year period running.

III.

The Court finds that the petitioner's objections to Magistrate Judge Binder's report and recommendation lack merit. The petitioner has not demonstrated a right to relief from his conviction.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt #s 20, 21, 22] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 19] is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence and other extraordinary relief [dkt # 17] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2007.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---