UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                          Case No. 03-20031
                                              Honorable David M. Lawson

v.

ROGER CLAY SWAIN,

           Defendant.

_____/

## ORDER DENYING PETITION

The defendant was convicted pursuant to a guilty plea on one count of possession of crack cocaine with intent to distribute, and was sentenced to 262 months imprisonment by the Court on February 24, 2004. The defendant has filed a motion to vacate his sentence under 28 U.S.C. § 2255 and a motion for retroactive application of the sentencing guidelines under 18 U.S.C. § 3582(c)(2), both of which were denied by the Court. He has now filed a document entitled "submission of additional authority," where he asks that the Court grant him relief under the writ of Audita Querela, citing *Kessack v. United States*, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008).

A writ of Audia Querela can be used to "'to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.'" *Frost v. Snyder*, 13 F. App'x 243, 245 n. 1 (6th Cir. Apr. 4, 2001) (quoting Black's Law Dictionary 131 (6th ed. 1990)). "'[I]t can only be used when the petitioner has served his or her sentence and been released from custody.'" *Ibid.* (quoting Ira P. Robbins, *The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond*, 6 Geo. Immigr. L. J. 643, 684 (1992)). The petitioner has not finished serving his sentence, so the writ of Audita Querela provides

no relief.  He may only raise this sort of claim attacking the validity of his incarceration in a motion

under section 2255 of Title 28.  However, because the Court has already denied a motion brought

under section 2255, this Court lacks jurisdiction to consider additional motions.  28 U.S.C. §

2255(h).

Even if the Court considered the merits of the defendant's motion, however, the Court would

not grant the defendant relief.  The defendant argues that he should be able to take advantage of the

Supreme Court's invalidation of the mandatory nature of the federal sentencing guidelines in *United*

*States v. Booker*, 543 U.S. 220 (2005).  However, it is settled law in the Sixth Circuit that the rule

of *Booker* does not apply retroactively.  *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir.

2005); *see also Duncan v. United States*, 552 F.3d 442, 445 (6th Cir. 2009).  Therefore, the Court

will not grant the defendant any relief.

Accordingly, it is **ORDERED** that the defendant's filing, to the extent it is construed as a

petition or a motion, [dkt. #32] is **DENIED**.

<div style="margin-left:45%">

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

</div>

Dated: June 23, 2009

<div style="border:1px solid black; padding:10px; width:55%; margin:auto">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on June 23, 2009.

<div style="margin-left:40%">

s/Diane Opalewski
DIANE OPALEWSKI

</div>

</div>