UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case Number: 03-20031
                                           Honorable David M. Lawson
v.

ROGER CLAY SWAIN,

        Defendant.
_____/

## **OPINION AND ORDER GRANTING MOTION FOR RESENTENCING**

Roger Swain pleaded guilty to selling more than 50 grams of crack cocaine and was sentenced on February 24, 2004 to a prison term of 262 months. He now seeks resentencing under the First Step Act. The government concedes that Swain is eligible under that legislation to be resentenced but argues that the Court should not exercise its discretion to do so. Swain contends that his conduct since his sentencing favors a reduction in his sentence, which originally was imposed under the pre-*Booker* mandatory-sentencing-guidelines regime. *See United States v. Booker*, 543 U.S. 220 (2005). That conduct is relevant, amounting to new information that may be considered on resentencing. Therefore, the Court will schedule a resentencing hearing, at which Swain is entitled to be present (unless he waives his presence) and request updated information from the Probation Department.

I.

On June 30, 2003, Swain was indicted for possessing with intent to distribute more than 50 grams of crack cocaine, a crime that carried a mandatory prison sentence of 10 years and a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A)(iii) (2002). The government sought to enhance the penalty under 21 U.S.C. § 851, citing Swain's prior conviction of possession with

intent to deliver marijuana, which increased the mandatory minimum sentence to 20 years under 21 U.S.C. § 841(b)(1)(A). Swain pleaded guilty to the charge on November 4, 2003.

The probation department found that Swain possessed 152.02 grams of cocaine base, which resulted in a base offense level of 30 under U.S.S.G. § 2D1.1(c)(3) (2003). But because Swain had prior convictions for a felony drug offense and a crime of violence (assault with intent to commit armed robbery), he was classified as a career offender under U.S.S.G. § 4B1.1, and his net offense level became 34 after an adjustment for accepting responsibility. Swain's career offender status put him in criminal history category VI, and the resulting guideline range was 262 to 327 months imprisonment. Under the pre-*Booker* sentencing regime, the Court imposed a 262-month sentence followed by a mandatory minimum 10-year period of supervised release.

Swain filed a motion to vacate his sentence under 28 U.S.C. § 2255 on February 22, 2005 and a second such motion (with permission from the court of appeals) on March 11, 2016, and the Court denied them both. The Court also denied Swain's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), filed after the Sentencing Commission reduced the guideline range for crack cocaine offenses in Amendment 706, because Swain was sentenced under the career offender guidelines, not the crack cocaine guidelines.

In June of this year, Swain wrote the Court asking for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Court appointed counsel, who filed a motion to reduce the prison sentence on November 12, 2019. The First Step Act amends several sections of the U.S. Code "to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, No. 05-00227, --- F. Supp. 3d ---, 2019 WL 4942051, at *1 (S.D. Iowa Oct. 8, 2019).

In response, the government acknowledges that the Act furnishes the Court with the authority to resentence Swain, but it notes that he still qualifies as a career offender, his sentencing guidelines have not changed, and there is no other reason to reduce his sentence. Swain argues that although his guidelines remain unchanged since the Court originally sentenced him, he has matured and reformed. He also argued that if the Court sentenced him today, he would be subject to a reduced mandatory minimum sentence (five years) and a lower *advisory* guideline range of 188 to 235 months imprisonment because Congress amended 21 U.S.C. § 841 so that Swain's conviction for delivering marijuana would no longer warrant enhanced statutory penalties under 21 U.S.C. § 851.

## II.

"Although a district court generally 'may not modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c), a court may do so under certain limited circumstances, including 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)). Swain's offense of conviction is one that the First Step Act addresses. In section 404, Congress made retroactive the Fair Sentencing Act's statutory changes for crack cocaine offense penalties so that they apply to defendants who were sentenced before August 3, 2010. The First Step Act, therefore, grants district courts the authority to resentence those offenders. First Step Act § 404(b) Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Pub. L. 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed.").

In many ways, this case is similar to *United States v. Hicks*, No. 01-20057, 2019 WL 6728361, at *1 (E.D. Mich. Dec. 11, 2019), where the defendant was convicted of a drug crime and sentenced under the career offender guidelines. For instance, it makes no difference to Swain's eligibility for resentencing under the First Step Act that his sentencing guidelines would not change or that he was sentenced as a career offender. *United States v. Beamus*, --- F.3d---, 2019 WL 6207955, at *2 (6th Cir. 2019) ("The text of the First Step Act contains no freestanding exception for career offenders. Nor would one expect to see such an exception. It makes retroactive the Fair Sentencing Act's changes to the statutory range for crack cocaine offenses."). However, the Act imposes two limits on eligibility. "Defendants may not seek a reduction if their sentence was already modified to comport with the Fair Sentencing Act . . . [a]nd defendants may not seek resentencing under the First Step Act if they lost a prior motion after a 'complete review of the motion on the merits.'" *Beamus*, 2019 WL 6207955, at * 2 (quoting First Step Act of 2018, § 404(c)). Neither exception applies to Swain.

Once a defendant established eligibility, "[t]he First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *Ibid*. (citing First Step Act, Pub. L. 115-391 § 404(b), 132 Stat. 5194 (Dec. 21, 2018); *United States v. Hegwood*, 934 F.3d 414, 418 (6th Cir. 2019)).

As with Hicks, two more legal principles come into play here. The first is that Swain may point to aspects of his life that have transpired since his original sentence, which suggest that he has been rehabilitated. *Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that on resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and [] such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range"). The second is that when a court considers these factors, the

proceeding amounts to a resentencing — rather than a mere correction of sentence under Federal Rule of Criminal Procedure 35 — at which the defendant is entitled to be present and allocute. *United States v. Flack*, 941 F.3d 238, 240 (6th Cir. 2019) (citing Fed. R. Crim. P. 43(a)(3), 32(i)(4)); *see also id.* at 241 (noting that "a district court resentences the defendant . . . when it revisits the § 3553(a) factors and determines anew what the sentence should be. A resentencing could thus result in the same sentence as the one the district court imposed initially" (citation omitted).

The government contends that the Court should deny Swain any reduction in his sentence out of hand. It notes that he still is a career offender, his sentencing guidelines remain at 262 to 327 months, and after *United States v. Booker*, which held that guidelines are not mandatory, 543 U.S. at 245, the Court resentenced the defendant to the same 262-month term.

Swain, now 45 years old, contends that if he were sentenced today, his guideline range would be lower. He still would be a career offender, but because his new statutory sentence would be five to 40 years, his offense level would be 31 (accounting for the reduction for acceptance of responsibility), *see* U.S.S.G. § 4B1.1(b)(2), and his guideline range would be 188 to 325 months. He also points out that Congress amended 21 U.S.C. § 841 by replacing "felony drug offense" with "serious drug felony," which requires, among other things, that an offender serve a term of imprisonment of over 12 months. First Step Act, § 401 Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Thus, Congress deemed that the defendant's conviction for delivering marijuana, for which he was sentenced to one year in jail and two years' probation, no longer warrants enhanced statutory penalties. However, although the reduced sentencing for crack offenses applies retroactively under section 404 of the First Step Act, section 401, which implicates the defendant's conviction for possessing marijuana, does not. *Ibid.* Nevertheless, the defendant argues that if the

Court were sentencing him today, he would be subject to a reduced guideline range of 188 to 235 months imprisonment.

Swain also claims to have reformed his behavior. He maintained clear conduct since 2007, when he received his only discipline report for possessing intoxicants. He also took over 40 education courses and maintains good status at his work assignment as part of the compound evening watch.

These factors require further consideration by the Court. Therefore, the Court will direct the Probation Department to submit updated relevant information and will schedule a hearing at which Swain may be present and address the Court. He may waive his presence if he chooses.

### III.

Defendant Roger Swain is eligible to be resentenced under the First Step Act. The Court will need current information so that it can apply the factors found in 18 U.S.C. § 3553(a) and make an informed decision on resentencing.

Accordingly, it is **ORDERED** that the defendant's motion for resentencing under the First Step Act (ECF No. 78) is **GRANTED**.

It is further **ORDERED** that United States Probation Department provide updated, current information on the defendant's status by **December 23, 2019**.

It is further **ORDERED** that counsel for the defendant must inform the Court whether the defendant desires to be present at the resentencing hearing **on or before December 27, 2019**. After receiving that information, the Court will set a resentencing date.

It is further **ORDERED** that the hearing scheduled for December 18, 2019 is **ADJOURNED** until further notice from the Court.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   December 16, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 16, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI